IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAMES LEE CONSTRUCTION, INC., a Montana Corp., JAMES B. LEE, and TRACY D. LEE, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, et. al.,<br><br>    Defendants. | CV 20–68–M–DWM<br><br>ORDER |

  Plaintiffs James Lee Construction, Inc., and husband and wife James and Tracy Lee (the "Lees") represent a putative class (collectively "Plaintiffs") challenging the subrogation practices of Defendants GEICO and related GEICO entities (collectively "GEICO"). There are four motions pending. This order addresses only the personal jurisdiction component of GEICO's motion to dismiss. (Doc. 38.) That motion is denied.

  GEICO once again seeks to dismiss the GEICO entities with which the Lees do not hold an insurance policy for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, arguing that (1) the Second Amended Complaint fails to comply with Rule 8(a)(2); (2) "[t]he law of the case

1

doctrine forecloses Plaintiffs' attempt to reintroduce these previously dismissed entities," (Doc. 39 at 6); and (3) Plaintiffs' claims are not based on GEICO Indemnity and GEICO Casualty's forum-related conduct. None of these arguments are persuasive.

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* (internal quotation marks omitted). Although the plaintiff "cannot simply rest on the bare allegations of its complaint," uncontroverted allegations are taken as true and conflicting affidavits are resolved in the plaintiff's favor. *Id.* (internal quotation marks and citation omitted).

Although a bit unusual in the personal jurisdiction context, GEICO first relies on Rule 8(a)'s demand for "a short and plain statement of the claim" to argue that Plaintiffs' Second Amended Complaint presents a befuddling picture of how the non-contracting GEICO entities relate to this case that is insufficient to establish personal jurisdiction. This argument is better addressed in the context of analyzing their forum-related conduct as discussed below.

GEICO further argues that this Court's previous order dismissing the non-contracting GEICO entities, (*see* Doc. 15), mandates dismissal. "Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). But the doctrine does not apply in the context of amended pleadings following a dismissal without prejudice. *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018). While a defendant is free to argue that the amended pleading does not cure the deficiencies identified in the original complaint and "the district court may decide the second motion to dismiss in the same way it decided the first," the "court is not . . . bound by any law of the case." *Id.* The Court must therefore consider personal jurisdiction over the non-contracting GEICO entities anew.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). In Montana, courts apply a two-step test to determine whether they have personal jurisdiction over a nonresident defendant. *Milky Whey, Inc. v. Dairy Partners*, *LLC*, 342 P.3d 13, 17 (Mont. 2015). First, courts consider whether personal jurisdiction exists under Rule 4(b)(1) of the Montana Rules of Civil Procedure. Rule 4(b)(1) subjects parties to general jurisdiction if they are "found within the state of Montana" and

3

to specific jurisdiction "as to any claim for relief arising from the doing personally, or through an employee or agent, of any" of the enumerated acts listed in Rule 4(b)(1)(A) through (G). *Id.* Second, courts consider whether the exercise of personal jurisdiction comports with due process. *Id.*

Here, GEICO concedes that "GEICO Indemnity and GEICO Casualty conduct insurance operations, including subrogation activities, in Montana." (Doc. 49 at 6.) Thus, the GEICO entities, including the non-contracting entities "transact[] business within Montana." Mont. R. Civ. P. 4(b)(1)(A). Step one of the specific jurisdiction inquiry is therefore satisfied.

The more complicated question is whether the exercise of jurisdiction is constitutional. The Due Process Clause requires a defendant "have certain minimum contacts with [the forum state] that the maintenance of the suit does not offend tradition notions of fair play and substantial justice." *Int'l Shoe Co. v. St. of Wash.*, 326 U.S. 310, 316 (1945). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). (internal quotation marks omitted). And, the "minimum contact" requirements must be met as to each individual defendant. *Bristol-Myers Squibb Co. v. Supr. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1783 (2017).

Plaintiffs argue that personal jurisdiction exists because Plaintiffs were harmed by the in-state conduct of the GEICO entities' collective agent, the GEICO Payment Recovery Unit (referred to by the parties as the "PRU").  According to Plaintiffs, "[t]he participating GEICO affiliates jointly utilize, direct and support" the Unit for all their subrogation activities, including activities in Montana.  (*See* Doc. 32 at ¶¶ 1–4.)  Specifically, that the entities "directed" and "authorized" the Unit to develop subrogation procedures, subrogate claims, and send letters and communications to Montana insureds.  (*Id.* at ¶ 14.)  In response, GEICO argues that "Plaintiffs' allegation that GEICO Indemnity and GEICO Casualty utilized the Payment Recovery Unit for subrogation activities on *other* claims with respect to *other* insureds is insufficient" to confer specific jurisdiction.  (Doc. 39 at 15.)  GEICO maintains that "Plaintiffs' claims simply do not arise from any of GEICO Indemnity or GEICO Casualty's forum-related conduct."  (*Id.*)  In light of the Supreme Court's decision in *Ford Motor Co. v. Montana Eighth Judicial District Court*, GEICO's argument is unpersuasive.  No. 19-368 (Mar. 25, 2021), affirming 443 P.3d 407 (Mont. 2019).

GEICO premises its due process argument on the ground that Plaintiffs fail to causally connect the non-contracting entities' forum-related conduct to the Lees' specific claims, relying on the "but for" test outlined by the Ninth Circuit.  *See Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir. 1990), *rev'd on other*

5

*grounds*, 499 U.S. 585 (1991). Under this test, the court asks whether "in the absence of" the defendant's forum activity, the plaintiff's "injury would not have occurred." *Id.* at 386. But as the Supreme Court just made clear, such a "causation-only approach" improperly narrows the inquiry: "we have never framed the specific jurisdiction inquiry as always requiring proof of causation—i.e., proof that the plaintiff's claim came about because of the defendant's in-state conduct." *Ford Motor Co.*, at *8–9. Rather, specific jurisdiction may also exist where a claim "relate[s] to the defendant's contacts with the forum." *Id.* at *8.

Here, Plaintiffs have alleged that all the named GEICO entities utilize the Property Recovery Unit and jointly developed its subrogation procedures. They have also alleged that the Property Recovery Unit operates within Montana and specifically worked on the Lees' claim. GEICO concedes that both GEICO Casualty and GEICO Indemnity utilize the Unit "for subrogation recoveries of their insureds under their insurance policies." (Doc. 39 at 13.) Plaintiffs' wrongful subrogation claims therefore, at a minimum, "relate to" the non-contracting GEICO entities' use of the Property Recovery Unit and its subrogation of insurance claims in Montana. Moreover, these claims can only be brought in Montana in light of Montana's unique subrogation laws and the fact that the Lees are Montana residents. Given the "strong relationship among the defendant, the

6

forum, and the litigation," specific jurisdiction exists. *Ford Motor Co.*, at *12 (internal quotation marks omitted).

Accordingly, IT IS ORDERED that GEICO's motion to dismiss (Doc. 38) is DENIED insofar as it seeks to dismiss GEICO Indemnity and GEICO Casualty for lack of personal jurisdiction. GEICO's other arguments will be addressed by separate order.

DATED this 25th day of March, 2021.

_____
Donald W. Molloy, District Judge
United States District Court