IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAMES LEE CONSTRUCTION, INC., a Montana Corp., JAMES B. LEE, and TRACY D. LEE, husband and wife,<br><br>  Plaintiffs,<br><br>vs.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, et. al.,<br><br>  Defendants. | CV 20–68–M–DWM<br><br>OPINION<br>and ORDER |

Plaintiffs James Lee Construction, Inc., and husband and wife James and Tracy Lee (the "Lees") represent a putative class (collectively "Plaintiffs") challenging the subrogation practices of Defendants GEICO and related GEICO entities (collectively "GEICO"). There are five motions pending. (Docs. 26, 33, 38, 46, 53.) The Court previously denied GEICO's motion to dismiss for lack of personal jurisdiction. (*See* Doc. 52.) This order addresses the remaining motions.

**BACKGROUND**

On August 5, 2019, James Lee was involved in a car accident caused by another driver. (Doc. 32 at ¶ 20.) He was injured and the Lees' vehicle was totaled. (*Id.* at ¶ 21.) At the time of the accident, the Lees were personally insured

1

by GEICO General, and James Lee Construction had a commercial policy with GEICO. (*Id.* at ¶ 30.) The at-fault driver was insured by The General Insurance Company under a policy with coverage limits of $25,000 per person and $50,000 per occurrence for bodily injury and $20,000 for property damage. (*Id.* at ¶ 20.)

After the accident, the Lees received policy limits of $25,000 from the at-fault driver's bodily injury coverage and an unspecified amount from GEICO and GEICO General under their own property and medical payment coverages. (*Id.* at ¶¶ 20, 32.) They also received $5,798.64 from the at-fault driver's insurer for property damage. (*Id.* at ¶ 20.) While the Lees' previous complaint alleged at least $24,660.18 in property damage, (*see* Doc. 4 at ¶ 7), the operative complaint simply lists categories of loss, some with values and others without, (*see* Doc. 32 at ¶ 21). Little detail is provided on the status of the Lees' claim against the at-fault driver, except that it has not settled or released. (*Id.* at ¶ 20.) But GEICO has already subrogated $14,194.00 from the at-fault driver's insurer, which the Lees claim will prevent them from fully recovering. (*Id.* at ¶ 33.)

On April 3, 2020, the Lees filed suit in state court on behalf of themselves and a putative class challenging the subrogation practices of GEICO, GEICO General, and other GEICO entities with which they do not hold policies. (Doc. 3.) The case was removed to this Court on May 12, 2020. (Doc. 1.) On May 18, Plaintiffs filed an Amended Complaint, (Doc. 4), and the GEICO entities moved to

2

dismiss, (Doc. 11). That motion was granted in part and denied in part. (Doc. 15.) The Court dismissed the non-contracting GEICO entities for lack of personal jurisdiction, as well as the attendant claims for civil conspiracy and aiding and abetting. (*Id.* at 15.) The Court also dismissed the Lees' Unfair Trade Practices Act claim to the extent it was based on the failure to advance pay medical expenses; the breach of the implied covenant claim to the extent it was based on a tortious breach; and the conversion claim. (*Id.*)

On December 18, 2020, Plaintiffs filed their Second Amended Complaint. (Doc. 32.) As characterized by GEICO, "Plaintiffs' prolix Second Amended Complaint is repetitive and often difficult to follow." (Doc. 39 at 8.) It adds as defendants previously dismissed GEICO entities, specifically GEICO Indemnity and GEICO Casualty. (Doc. 32.) The first 19 paragraphs then appear to be preemptive arguments regarding personal and subject matter jurisdiction. (*Id.*) The "first claim" generally alleges "Declaratory, Injunctive, and Supplemental Relief" on behalf of both the Lees and a putative class related to GEICO's subrogation policies. (*Id.* at ¶¶ 41–69.) The "second claim" is for punitive damages for the same. (*Id.* at ¶¶ 70–71.) The third and fourth claims allege breach of contract and bad faith against GEICO and GEICO General related to the Lees' underinsured motorist ("UIM") coverage. (*Id.* at ¶¶ 72–81.)

As mentioned above, there are presently five motions before the Court. First, prior to the filing of the Second Amended Complaint, GEICO sought to bifurcate or sever the subrogation claims from the Lees' UIM claims. (Doc. 26.) Second, Plaintiffs seek to compel discovery related to other affiliated companies. (Doc. 33.) Third, GEICO seeks dismissal of the operative complaint. (Doc. 38.) Fourth, the parties jointly seek leave to file an attorney affidavit, (Doc. 48), related to the motion to dismiss under seal. (Doc. 46.) And finally, Plaintiffs, changing tact, seek to file the attorney affidavit, (Doc. 48), in the public record. (Doc. 53.) These motions are addressed in turn, starting with the motion to dismiss.

## ANALYSIS

### I. Motion to Dismiss (Doc. 38)

GEICO seeks to dismiss the Second Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. GEICO argues that Plaintiffs lack standing because they fail to show injury-in-fact and that the Lees fail to state a claim as to breach of contract or bad faith against GEICO General. (Doc. 38.) The motion is denied.

#### A. Standing – Rule 12(b)(1)

GEICO seeks to dismiss Plaintiffs' subrogation claims (Counts 1 and 2) for lack of standing. To have standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and

(3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The plaintiff has the burden to establish these elements. *Id.* Where, as here, the defendant contends that the complaint is facially insufficient to establish standing, all allegations are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *Leite v. Crane*, 749 F.3d 1117, 1121 (9th Cir. 2014).

GEICO argues that Plaintiffs failed to adequately allege injury in fact. "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc.*, 136 S. Ct. at 1548 (internal quotation marks omitted). "An injury is imminent if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Mont. Envtl. Info. Ctr. v. Stone-Manning*, 766 F.3d 1184, 1189 (9th Cir. 2014) (internal quotation marks omitted). GEICO argues that "Plaintiffs fail to allege any facts to support imminent future injury from Defendants' allegedly wrongful subrogation practices." (Doc. 39 at 21.) GEICO then outlines the chain of "contingent future events" that would be required for harm to be concrete. (*Id.*) However, Plaintiffs persuasively argue that if the allegations in the complaint are taken as true, they have been subjected to wrongful subrogation by GEICO and the injury from that conduct is ongoing as they have yet to be "made whole" nor will

5

they be "made whole" under Montana law pursuant to GEICO's systematic wrongful subrogation policy. They have alleged injury sufficient to maintain their claims for both declaratory and injunctive relief.

**B.     Declaratory or Injunctive Relief – Rule 12(b)(6)**

If not dismissed for lack of standing, GEICO argues that Plaintiffs' Count I claim for "declaratory and injunctive relief" fails to state a valid claim because such equitable relief is not appropriate when money damages are adequate. This argument is confusing given Plaintiffs' undeniable right to declaratory relief related to GEICO's duties and obligations under both the insurance contract *and* Montana law. There is nothing "abstract" about the Court determining whether GEICO violated Montana's made-whole rule. This case is therefore distinguishable from *Kartman v. State Farm Mutual Automobile Insurance Co.*, 634 F.3d 883 (7th Cir. 2011), the case upon which GEICO relies. First, *Kartman* was decided in the class certification context, not on a motion to dismiss. Second, the plaintiffs sought declaratory and injunctive relief related to State Farm's failure to use a "reasonable, objective standard" for assessing hail damage. *Id.* at 889. The Seventh Circuit rejected this claim on the grounds that "there is no contract or tort-based duty requiring the insurer to use a particular standard for assessing hail damage." *Id.* at 886. But that is not the case here. Plaintiffs allege violations of not only GEICO's contractual duties, but also its violation of Montana's made-

whole rule, which imposes on GEICO an independent duty to take certain steps before subrogating. Plaintiffs therefore state a claim for declaratory and injunctive relief based on GEICO's subrogation conduct that is plausible on its face. And because Count 1 remains, Plaintiffs can maintain their claim for punitive damages. *See* Mont. Code Ann. §§ 27–1–220, –221.

    C.    The Lees' Claims – Rule 12(b)(6)

Finally, GEICO seeks to dismiss the Lees' substantive claims (Counts 3 and 4) against GEICO General for failure to state a claim under Rule 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a claim must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal under Rule 12(b)(6) is appropriate, however, "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted).

Here, the Lees individually allege breach of contract (Count 3) and bad faith (Count 4) against GEICO and GEICO General concerning UIM benefits. (Doc. 32

at ¶¶ 73–78.) GEICO argues that these allegations fail to state a claim against GEICO General as a matter of law because they do not establish that the Lees either made a claim for UIM benefits from GEICO General nor that such a claim was denied by GEICO General. In response, the Lees argue that their claims exceed the limits of the corporate UIM coverage provided by GEICO and therefore implicate their personal coverage with GEICO General. Plaintiffs also show that they have consistently prosecuted this case against both GEICO and GEICO General and that both entities have communicated with Plaintiffs interchangeably. This is sufficient to establish a claim for benefits against GEICO General at this stage of the proceedings.

## II. The Attorney Affidavit and Attachments (Docs. 46, 53)

Related to the motion to dismiss, the parties initially jointly sought leave to file Plaintiffs' supporting affidavit, (*see* Doc. 48), under seal pursuant to Local Rule 5.2. (Doc. 46.) That affidavit contains

> portions of (a) training manuals explaining Defendants' internal claims procedures and subrogation procedures, (b) claims logs from Defendants' internal computer systems related to the named Plaintiffs' insurance claims at issue in this case, (c) other materials related to Defendants' internal claims procedures and subrogation procedures, and (d) documents related to the named Plaintiffs' insurance claims at issue in this case.

(*Id.* at 3–4.) Apparently, GEICO identified such documents during discovery as "confidential trade secrets and internal business practices integral to Defendants'

8

operation as for-profit insurance companies." (*Id.* at 4.) While Plaintiffs did not agree that all the documents should be sealed, they agreed to sealing so that the pending motion to dismiss could be resolved expeditiously. Since then, however, Plaintiffs have filed a motion for leave to file these documents in the public record, (Doc. 53), citing GEICO's failure to justify sealing them. GEICO objects to that motion on procedural grounds. (*See* Doc. 51.)

The Court addressed a similar issue in *Guinnane v. Dobbins*, wherein Enterprise insisted that its internal training and maintenance documents should be filed under seal because they revealed trade secrets in the rental car industry. The Court rejected this argument, primarily on the grounds that the documents would be made part of the public record if presented at trial. *See* 9:19-cv-85-DWM, Doc. 83 at 1 (July 24, 2020). The Court also rejected the parties' general statement that redaction was not possible. The case here is very similar. In response to discovery, GEICO disclosed documentation and deposition testimony regarding the operation of the Property Recovery Unit. There is no reason to think that evidence will not be presented at trial or during the class certification process. And, attempts at redaction appear perfunctory, as at least one of the documents is policy language that is publicly available, (*see* Doc. 48 at 55–56), and certain documents have already been filed publicly in this case, (*see id*. at 45, 51, 52 (present in Doc. 34)). Accordingly, the request for leave to file under seal is

denied unless GEICO can show good cause within ten (10) days why the documents should remain sealed.

## III. Motion to Compel (Doc. 33)

Plaintiffs seek to compel discovery related to the subrogation practices and procedures of GEICO's "affiliated companies." (Doc. 33.) Given the Court's recent ruling on the personal jurisdiction question, (*see* Doc. 52), the motion to compel is denied without prejudice.[1]

## IV. Motion to Bifurcate or Sever (Doc. 26)

Finally, GEICO seeks to bifurcate or sever the Lees' UIM claims from the subrogation claims. Plaintiffs argue that the motion is premature, primarily given the question of class certification. At this point, Plaintiffs have the better argument. Pursuant to Rule 21 of the Federal Rules of Civil Procedure, the Court has broad discretion to "sever any claim against any party." *See Byorth v. USAA Cas. Ins. Co.*, 2020 WL 6204333, at *1 (D. Mont. June 4, 2020). Similarly, Rule 42(b) "confers broad discretion upon the district court to bifurcate trial." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). While "[s]everance leads to separate cases with separate judgments[, b]ifurcation

---

[1] Note, however, that this does not mean the Court views discovery under Rule 26(b)(1) as necessarily coextensive with personal jurisdiction. Nor does the Court's decision reflect an agreement with GEICO's argument under Rule 34 insofar as named GEICO entities may have affiliate information within their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

10

leads to separate trials and a single judgment." *Batchelder v. Home Depot U.S.A., Inc.*, 2006 WL 8435801, at *1 (D. Mont. Sept. 27, 2006), *adopted*, 2007 WL 9710119 (D. Mont. Feb. 6, 2007). Nevertheless, under either rule,

> the Court should consider: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present common questions of fact or law; (3) whether severance or bifurcation would serve judicial economy; (4) prejudice to the parties caused by severance or bifurcation; and (5) whether the claims involve different witnesses and evidence.

*Id.* Here, while all of Plaintiffs' claims arise out of the same motor vehicle accident, subrogation and UIM recovery raise separate legal questions. But with the pending class certification, it is more appropriate to see how the class claims unfold before deciding to separate the claims. Accordingly, GEICO's motion to sever or bifurcate is denied without prejudice.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

(1)     GEICO's motion to dismiss (Doc. 38) is DENIED;

(2)     the parties' motion for leave to file the attorney affidavit under seal (Doc. 46) is DENIED and Plaintiffs' motion to file it in the public record (Doc. 53) is GRANTED unless GEICO can show cause within ten (10) days why the document should remain sealed;

(3)     Plaintiffs' motion to compel (Doc. 33) is DENIED without prejudice, with each party to bear its own fees and costs; and

11

(3) GEICO's motion to bifurcate or sever (Doc. 26) is DENIED without prejudice.

DATED this 29th day of March, 2021.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court