IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAMES LEE CONSTRUCTION, INC., a Montana Corp., JAMES B. LEE, and TRACY D. LEE, husband and wife, | CV 20–68–M–DWM |
| Plaintiffs, | OPINION and ORDER |
| vs. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al., | |
| Defendants. | |

Plaintiffs James Lee Construction, Inc., and husband and wife James and Tracy Lee (the "Lees") represent a putative class (collectively "Plaintiffs") challenging the subrogation practices of Defendants GEICO and related GEICO entities (collectively "GEICO"). There are four motions pending.

## BACKGROUND

While the facts and claims of this case become less clear with each amended pleading, they are reconstructed from prior pleadings below.

### I. The Accident

Although not stated anywhere in the operative Third Amended Complaint, (*see* Doc. 109), on August 5, 2019, James Lee was involved in a car accident caused by another driver, (Doc. 32 at ¶ 20). He was injured and the Lees' vehicle

1

was totaled.  (*Id.* ¶ 21.)  At the time of the accident, the Lees were personally

insured by GEICO General and James Lee Construction had a commercial policy

with Government Employees.  (*Id.* ¶ 30.)  After the accident, the Lees received

policy limits of $25,000 from the at-fault driver's bodily injury coverage and

$5,798.64 from the at-fault driver's property coverage.  (*Id.* ¶ 20.)  GEICO and

GEICO General subrogated $14,194.00 from the at-fault driver's insurer, which

the Lees claimed would prevent them from fully recovering.  (*Id.* ¶ 33.)  As

indicated above, the Third Amended Complaint does not contain any of these facts.

It does clarify, however, that GEICO paid the Lees $13,567.00 for their property

damage prior to seeking subrogation, (Doc. 109 at ¶ 9), and following its

subrogation recovery, reimbursed their $500 deductible, (*id.* ¶ 12).

## II.    Procedural History

On April 3, 2020, the Lees filed suit in state court on behalf of themselves

and a putative class challenging the subrogation practices of GEICO, GEICO

General, and other GEICO entities with which they do not hold policies.  (Doc. 3.)

The case was removed to this Court on May 12, 2020.  (Doc. 1.)  There have been

three previous rounds of significant briefing.

### A.    First Motion to Dismiss

In June 2020, GEICO sought to dismiss the original complaint for lack of

standing, lack of personal jurisdiction, and failure to state a claim.  (*See* Doc. 11.)

The Court, *inter alia*, dismissed the non-contracting GEICO entities for lack of personal jurisdiction and dismissed Plaintiffs' conversion claim as preempted by Montana's Unfair Trade Practices Act ("UTPA").  (*Id.* at 16.)  On December 18, 2020, Plaintiffs filed their Second Amended Complaint, which reintroduced the previously dismissed non-contracting GEICO entities as defendants on the basis that they, along with GEICO and GEICO General, jointly operate a subrogation unit in Montana, the "Property Recovery Unit" or "PRU."  (*See* Doc. 32.)

**B.     Second Motion to Dismiss**

In January 2021, GEICO once again sought dismissal.  (Doc. 38.)  Based on Plaintiffs' slightly altered theory and an intervening decision of the United States Supreme Court, the Court found that it had personal jurisdiction over the non-contracting GEICO entities that operate the PRU, (*see* Doc. 52), and that Plaintiffs had standing and adequately pled their claims, (*see* Doc. 55).

**C.     Motion for Judgment on the Pleadings**

Subsequently, GEICO sought judgment on the pleadings with respect to Plaintiffs' claim for declaratory relief on the grounds that it was preempted by the UPTA.  (*See* Doc. 79.)  Following argument, GEICO's motion was granted.  (*See* Doc. 107.)  Because Plaintiffs' subrogation claim—which is the basis of their class action—sounded in claims handling, it was barred by the UTPA.  *See* Mont. Code Ann. § 33–18–242(3); (Doc. 107 at 3–7).  However, the UTPA does not

3

preempt claims for breach of contract and Plaintiffs were given an additional opportunity to amend.  (*See* Doc. 107 at 7, 9.)

On September 23, 2021, Plaintiffs filed the Third Amended Complaint.  (*See* Doc. 109.)  In that pleading, Plaintiffs pursue claims for breach of contract and conversion on behalf of themselves and a putative class.[1]  (*See generally id.*)  Plaintiffs attempt to avoid the UTPA bar on the ground that this action "arise[s] out of the intersection between a contractual subrogation right, a made whole rule limitation to such contractual right, and the *timing* of the made whole determination and any attendant duties."  (*Id.* ¶ 2.)

### D.    Current Motions

There are currently four motions pending.  First, GEICO seeks to dismiss the Third Amended Complaint on the grounds that it alleges the same preempted claims for conversion and for declaratory and injunctive relief and fails to plead a breach of contract claim.  (Doc. 113.)  Second, GEICO seeks to strike Plaintiffs' class claims or alternatively, for an order denying class certification.  (Doc. 117.)  Third, Plaintiffs seek to vacate the trial schedule.  (Doc. 122.)  Finally, GEICO seeks to strike a supplemental expert report as untimely.  (Doc. 132.)  Because GEICO's motion to dismiss is granted, the remaining motions are denied as moot.

---

[1] Although the Third Amended Complaint contains an underinsured motorist claim, (*see* Doc. 109 at ¶¶ 59–64), that claim has since been settled, (*see* Doc. 135).

4

ANALYSIS

GEICO seeks to dismiss Plaintiffs' subrogation and conversion claims as preempted by § 33–18–242(3) and to dismiss Plaintiffs' breach of contract claim for failure to state a claim. Both arguments have merit.

## I.   Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal under Rule 12(b)(6) is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted).

As a general matter, GEICO is correct that the Third Amended Complaint "consists mostly of Plaintiffs' argument" and "alleges few facts and relies on past pleadings and filings to establish the predicate factual background for Plaintiffs' claims." (Doc. 114 at 4–5.) For example, the Third Amended Complaint does not identify the parties or contain a jurisdictional statement. While incorporation by

5

reference across pleadings can be acceptable, *see* Fed. R. Civ. P. 10(c), "the

general rule is that an amended complaint supercedes the original complaint and

renders it without legal effect," *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th

Cir. 2012). Plaintiffs make no attempt to incorporate any previously alleged facts

as they do not reference the relevant portions of their previous pleading. But even

assuming Plaintiffs' Third Amended Complaint meets this basic pleading

standard—which it does not—their claims fail as a matter of law.

## II.    Declaratory and Injunctive Relief

The UTPA limits claims an insured can bring against an insurer.

Specifically, it provides that

> [a]n insured who has suffered damages as a result of the handling of an
> insurance claim may bring an action against the insurer for breach of
> the insurance contract, for fraud, or pursuant to this section, but not
> under any other theory or cause of action.

§ 33–18–242(3). Accordingly, this Court previously determined that Plaintiffs'

claims for conversion and declaratory relief were preempted by the UPTA. (*See*

Doc. 15 at 14–15; Doc. 107 at 3–7.) Plaintiffs claim to have overcome that bar in

their Third Amended Complaint, which alleges:

> this action *eliminates any claim based on the adjustment of the
> insureds' insurance claim* and, instead, seeks relief in routes recognized
> as available by the Montana Supreme Court:
>
> A-1. declaration of the meaning of the contractual right to subrogate as
> constrained by the "made-whole" rule, and declaration that the contract

has been breached and corresponding supplemental relief for the contract breach (a *Ferguson*-type claim); or, alternatively

A-2 judgment for damages for breach of the contract in the amount of the wrongful subrogation (without prejudice to any proper, timely and equitable assertion of subrogation by GEICO);

AND

B-1 A declaration of the meaning and application of the equitable made-whole rule to conduct wholly <u>apart from</u> the adjustment of the settled insured's first party claim (a *Thomas*-type action); or, alternatively,

B-2 A declaration of *when* the made-whole determination duty attaches (a *Safeco of Ill.*-type action);

ALTERNATIVELY, in the event that, declaratory and equitable enforcement of the equitable made whole rule is denied,

C. An adjudication of the Lee's and class members' exclusive legal right to their automobile tort claims and proceeds of those claims, and damages for wrongful conversion of those claims and the proceeds thereof.

(Doc. 109 at ¶ 1 (footnotes omitted).)  But, as argued by GEICO, "the substance and nature of Plaintiffs' claims, and the relief sought for such claims, has not changed." (Doc. 114 at 7.)  Put simply, dressing up Plaintiffs' previously unsuccessful legal arguments as pleadings does not make them tenable claims under Montana law.  While Plaintiffs disagree, (*see* Doc. 121 at 5–8), this Court previously determined that subrogation was preempted claims handling activity, (*see* Doc. 107 at 3).  That determination stands.  *See also Johnson v. Mont. Eleventh Jud. Dist.*, 2021 WL 5088743, at *2 (Mont. Nov. 2, 2021) (refusing to

find error in lower court's determination that the plaintiffs' conversion claim was preempted).

Ultimately, as summarized by GEICO: "Plaintiffs cannot 'draft' their way out of this fundamental problem with their claims . . . . No matter how many words Plaintiffs bold, underline, or italicize, or what new, perplexing word salad Plaintiffs use to argue the point, the fact remains that the wrongful subrogation at issue 'qualifies as claims handling.'" (Doc. 129 at 2.)  For this reason and those previously stated, Plaintiffs' claims for declaratory relief and conversion are dismissed anew.

## III.   Breach of Contract

Consistent with this Court's previous order, Plaintiffs' Third Amended Complaint alleges a claim for breach of contract on the premise that GEICO breached the implied covenant of good faith by subrogating prior to Plaintiffs being made whole.  That claim also fails.

### A.      Applicable Defendants

First, GEICO argues that Plaintiffs' breach of contract claim based on GEICO's subrogation conduct—to the extent there is one—is limited to the policy between James Lee Construction and Defendant Government Employees Insurance Company.  That argument is persuasive.  There is no contract between Plaintiffs and GEICO Indemnity or GEICO Casualty Insurance Company.  Moreover, the

subrogation dispute is based on the commercial policy between James Lee

Construction and Government Employees, not the Lees' personal policy with

GEICO General.  As a result, Plaintiffs' breach of contract claim is dismissed as to

all defendants but Government Employees for a lack of privity.

### B.    Breach of the Implied Covenant

Second, GEICO argues that Plaintiffs fail to cite to any specific provision of

the commercial policy that GEICO breached, emphasizing that Plaintiffs stipulated

to the fact that the policy specifically authorizes subrogation.  (*See* Doc. 24 at

¶ 4(f), (g).)  In response, Plaintiffs argue that the Third Amended Complaint

> clearly identifies (a) GEICO's exercise of contractual provisions
> addressed to subrogation, (b) the law which constrains the meaning of
> those contract provisions, and (c) the implied covenants and equitable
> rules that require GEICO to follow the law of Montana when exercising
> those contract rights.

(Doc. 121 at 8–9.)

GEICO is correct that a plaintiff must identify "the violation of a specific

contractual provision" in order to pursue a breach of contract claim.  *Tin Cup Cnty.

Water and/or Sewer Dist. v. Garden City Plumbing & Heating, Inc.*, 200 P.3d 60,

67 (Mont. 2008).  However, Plaintiffs are also correct that "breach of the implied

covenant of good faith does not require or depend on the breach of an express

contract term." *House v. U.S. Bank Nat'l Ass'n*, 481 P.3d 820, 831 (Mont. 2021).

Rather, "[p]roof of an alleged breach of the implied covenant of good faith and fair

dealing requires proof that the offending party acted under the contract terms in a manner that was a dishonest or unreasonable deviation from prevailing commercial standards of reasonableness in trade, thereby denying the non-breaching party the benefit of the bargain." *Id.* Here, Plaintiffs allege that GEICO failed to comply with Montana law in its execution of the policy's subrogation provision, denying Plaintiffs "the benefit of their contract bargain." (Doc. 121 at 10.) Thus, Plaintiffs' claim is sufficiently specific. Nonetheless, it fails for two reasons.

First, a breach of the implied covenant claim cannot be based on "prohibit[ing] a party from doing that which is expressly permitted by an agreement." *Tvedt v. Farmers Ins. Grp. of Cos.*, 91 P.3d 1, 7 (Mont. 2004). Here, the policy expressly allows subrogation, (*see* Doc. 24 at ¶ 4(f), (g)), as does Montana law, *Van Orden v. United Servs. Auto. Ass'n*, 318 P.3d 1042, 1048 (Mont. 2014). Second, a claim for breach of the implied covenant is "generally compensable only in contract by contract damages." *House*, 481 P.3d at 831. It is undisputed that Plaintiffs were fully compensated for those damages "covered" by the GEICO policy, i.e., what was owed under the contract. (*See* Doc. 109 at ¶¶ 6, 9, 12.) In the absence of contract damages, Plaintiffs have failed to plead a viable breach of contract claim.

## C.     Made Whole Allegations

Finally, GEICO argues that Plaintiffs were in fact "made whole."  Although the Court need not reach this argument in light of the above, it is another nail in the coffin of this case.  Plaintiffs' made whole claim is premised on the allegation that they were not paid for losses *not* covered by their GEICO policy before GEICO pursued subrogation.  GEICO persuasively disagrees with that position on legal grounds pursuant to *Van Orden*, which held that when "damages are discrete, readily-ascertainable, and completely covered under a separate policy or portion of the policy for which a separate premium has been paid, subrogation may proceed as to that element of the loss only."  318 P.3d at 1048.  But even assuming Plaintiffs' conceptualization of covered and non-covered losses is correct, Plaintiffs received $20,000 in property damages, which exceeds Plaintiffs' alleged property damage.  (*See* Doc. 114 at 10–11 (calculation); *see also* Doc. 109 at ¶ 14.) And even if that were not the case, Plaintiffs fail to allege facts that plausibly show that GEICO's subrogation conduct reduced the amount by which they would or could ultimately recover from the third-party tortfeasor.  *See Johnson*, 2021 WL 5088743, at *2.  Plaintiffs themselves argue that they could not recover attorney fees from the tortfeasor, (*see* Doc. 121 at 13), and therefore GEICO did not "tak[e] any money out of [Plaintiffs'] pockets," *Van Orden*, 318 P.3d at 1047.  The facts of this case simply do not support Plaintiffs' subrogation challenge.

CONCLUSION

Plaintiffs fail to state a plausible claim for relief, making dismissal

appropriate.  While leave to amend should generally be granted, the complaint here

"could not be saved by any amendment."  *Mueller v. Auker*, 700 F.3d 1180, 1191

(9th Cir. 2012) (quotation marks omitted).  Plaintiffs have been given multiple

opportunities to amend their pleadings and the most recent complaint shows

recovery is not possible under Montana law based on the facts of this case.

Because "no appropriate amendment to the complaint could overcome these

obvious problems," *id.*, Plaintiffs will not be given an additional opportunity to

amend.  And in the absence of an individual claim for relief, Plaintiffs' class

claims must be dismissed as well.  *Stanford v. MemberWorks, Inc.*, 625 F.3d 550,

560 (9th Cir. 2010).  Accordingly,

IT IS ORDERED that GEICO's motion to dismiss (Doc. 113) is

GRANTED.  This case is DISMISSED WITH PREJUDICE.  The Clerk is directed

to enter judgment consistent with this Order and close the case file.

IT IS FURTHER ORDERED that all remaining deadlines are VACATED

and pending motions DENIED as MOOT.

DATED this 3rd day of January, 2022.

14:35 P.M.

Donald W. Molloy, District Judge
United States District Court

12